**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RASHON D. HIGH,                  :
                                 :      Civil Action No. 16-8068(RMB)
          Plaintiff,             :
                                 :
     v.                          :           **OPINION**
                                 :
                                 :
IGOR LEVENGERG, ESQ., *et al.*,  :
                                 :
          Defendants.            :
                                 :

**BUMB**, District Judge:

Plaintiff Rashon D. High, a pretrial detainee confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights by his public defender, the Office of the Public Defender, and the state court judge presiding over his criminal case(s). Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to to 28 U.S.C. § 1915(e)(2)(B) and § 1915A to determine whether

1

it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. BACKGROUND

Plaintiff alleged the following in his Complaint. Plaintiff was arrested on April 30, 2016, based on a defective complaint warrant and an unauthorized detainer for a violation of probation. (Compl., ECF No. 1 at 5.) The Office of the Public Defender, Camden Region appointed Attorney Igor Levenberg to represent Plaintiff. (Id.) Levenberg has not "moved upon any request" Plaintiff made in his defense, and has not examined discovery with Plaintiff in three of his cases. (Id. at 6.)

Plaintiff has named the Office of the Public Defender as a defendant because it ignored his requests to remove Levenberg as his appointed counsel. (Id. at 4.) Plaintiff's allegation against Judge Sherrie L. Schweitzer is that she is "not a neutral and detached hearing body in blatant disregard of the Supreme Law of the Land's 5th and 14th Amendments." (Id. at 6.) For relief, Plaintiff asks the Court to investigate and reprimand the defendants, and for damages in the amount of $500,000.00 (Id.)

II. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint."  Id.  A court need not accept legal conclusions as true.  Id.  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim.  Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id.  If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir.

2002).   A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A.   Judicial Immunity

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey,

588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Id. (citations omitted).  Section 1983 claims for injunctive relief against judicial officers acting in their judicial capacities are also barred unless the plaintiff alleges a declaratory decree was violated or that declaratory relief was unavailable.  Id. at 304 (citing 42 U.S.C. § 1983).

Plaintiff has not alleged any facts that suggest Judge Schweitzer acted in clear absence of jurisdiction in presiding over his state court cases or that she violated a declaratory decree or that declaratory relief is unavailable in the state courts.  Therefore, Judge Schweitzer is immune from Plaintiff's § 1983 claims, and she will be dismissed from this action with prejudice.

   B.   Color of State Law

A public defender is not acting "under color of state law when performing the traditional functions of counsel to a criminal defendant." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981).  Plaintiff alleges Defendant Levenberg is the public defender assigned to represent him in state court, and Levenberg

has not adequately performed his duties.   Therefore, Levenberg was not acting under color of state law, and the Court will dismiss the § 1983 claims, both for damages and injunctive relief, against Defendant Levenberg with prejudice.

    C.   <u>Sovereign Immunity</u>

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court stated:

> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given . . .

<u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 98 (1984) (quoting <u>Ex parte State of New York No. 1</u>, 256 U.S. 490, 497 (1921)).   "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court."   <u>Mierzwa v. U.S.</u>, 282 F. App'x 973, 976 (3d Cir. 2008) (citing <u>Ritchie v. Cahall</u>, 386 F.Supp. 1207, 1209-10 (D.N.J. 1974)).

Eleventh Amendment immunity protects state agencies when "the state is the real party in interest." Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir.1989) (en banc), cert. denied, 493 U.S. 850 (1989)). Courts consider three factors to determine whether Eleventh Amendment immunity applies to a state agency: "(1) the source of the agency's funding—i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation." Id. (quoting Fitchik, 873 F.2d at 659)).

District courts considering these three factors have found the New Jersey Office of the Public Defender is subject to Eleventh Amendment immunity. May v. Irvington Police Dept., 15-cv-764 (CCC), 2016 WL 236212, at *2 (D.N.J. Jan. 9, 2016) (finding State Treasury would be source of funds for payment of judgment against Office of the Public Defender; Office of the Public Defender was created by the State; and the Public Defender's Office must report annually to the New Jersey State Legislature); Vasilopoulos v. Superior Court of New Jersey, Civ. Action No. 08-5801 (JAG), 2009 WL 1298419 (D.N.J. May 8, 2009) (finding Office of the Public Defender is an arm of the state because it established by the State of New Jersey and must make an annual report to the Legislature on its operations); see

7

Chisolm v. McManimon, 275 F.3d 315, 323 (3d 2001) (although no single factor is dispositive, "the most important factor is whether a judgment resulting from the suit would be paid from the state treasury") (citations omitted).    This Court agrees that the three factors demonstrate the State of New Jersey is the real party in interest when the Office of the Public Defender is sued under § 1983.    Therefore, the Court will dismiss the Office of the Public Defender from this action with prejudice because it has Eleventh Amendment immunity from Plaintiff's claims for damages.

    D.    Injunctive Relief

    Plaintiff asks this Court to investigate and reprimand the defendants in this action.    The Court construes this as a request for prospective injunctive relief in the context of this § 1983 action.    The Office of the Public Defender is the only named defendant in this action against whom Plaintiff may seek prospective injunctive relief under § 1983.    "Allegations of exposure to illegal conduct in the past alone, without a showing of continuing adverse effects, do not demonstrate a case or controversy entitling a plaintiff to prospective injunctive relief." Doe v. Div. of Youth & Family Servs., 148 F.Supp.2d 462, 479 (D.N.J. 2001) (citations omitted). "The plaintiff must show that [s]he ... is immediately in danger of sustaining some direct injury as the result of the challenged official conduct

and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (citations and internal quotation marks omitted). Plaintiff's allegations that the Office of the Public Defender failed to grant his requests for appointment of a new public defender fail to meet this standard. The Court will dismiss this claim without prejudice.

IV.  CONCLUSION

The Court will grant Plaintiff's IFP application. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court will dismiss the § 1983 claims against Judge Sherri L. Schweitzer and Attorney Igor Levenberg with prejudice; dismiss the § 1983 claim for damages against the Office of the Public Defender with prejudice; and dismiss the § 1983 claim for injunctive relief against the Office of the Public Defender without prejudice. An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge
Dated: February 22, 2017